**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RITA D. TAYLOR,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NO.** |
| | ] | **2:19-CV-00938-KOB** |
| **STEVEN MNUCHIN, SECRETARY OF** | ] | |
| **THE UNITED STATES DEPARTMENT** | ] | |
| **OF THE TREASURY, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## MEMORANDUM OPINION

This matter comes before the court on a motion to dismiss Plaintiff Rita D. Taylor's

complaint filed by Defendants Steven Mnuchin, Secretary of the United States Treasury

Department, and J. Russell George, Inspector General for the United States Tax Administration.

(Doc. 10).  The Defendants argue that all of Ms. Taylor's claims must be dismissed as either

untimely filed or unsupported by subject matter jurisdiction.  After reviewing the arguments

from the parties, the court finds that the Defendants' motion should be granted.

## I.      FACTUAL BACKGROUND

On October 11, 2018, Ms. Taylor began the process of filing an employment complaint

against her federal employer by filing an EEO complaint of discrimination with the U.S.

Department of the Treasury.[1]  (Doc. 1).  In her complaint, she alleged that her employer, the

Internal Revenue Service, discriminated against her because of her age, race, sex, and color by

---

[1] Before bringing an employment discrimination lawsuit under Title VII or the ADEA, an employee must exhaust all available administrative remedies.  *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII requirement); *Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1238 (11th Cir. 2004) (ADEA requirement).  Exhaustion of administrative remedies for a federal employee includes contacting an EEO counselor at the employer agency,

investigating her for fraud.  On October 19, 2018, the Department dismissed her complaint.  Ms.

Taylor timely appealed the dismissal to the EEOC and, on March 12, 2019, the EEOC issued its

Final Agency Decision affirming the Department's dismissal of Ms. Taylor's complaint.  The

FAD informed Ms. Taylor that she had "the right to file a civil action in an appropriate United

States District Court **within ninety (90) calendar days** from the date you receive this decision."

(Doc. 10-1 at 3) (emphasis in original).

On June 18, 2019, Ms. Taylor filed the instant complaint against the United States

Treasury Department and the "Treasury Inspector General Task Agency."  (Doc. 1 at 2).  In her

complaint, Ms. Taylor alleges that the United States Treasury Department engaged in

employment discrimination against her in the form of retaliation and harassment because of her

race, sex, color, and age.  She alleges that the Treasury Department violated Title VII of the Civil

Rights Act of 1964, the Age Discrimination in Employment Act, Articles of the Constitution,

and various regulatory provisions because the Treasury Inspector for General Tax

Administration's Office began conducting a hostile investigation of her after she filed previous

employment-related complaints.

Ms. Taylor states in her complaint that she exhausted her administrative remedies and

received the FAD letter from the EEOC on March 12, 2019.  (Doc. 1 at 8).  She attached the

administrative history of her case to her complaint, and the EEOC FAD letter shows that it was

sent on March 12, 2019.  (*Id.* at 35).  The letter lacks any indication of the date of receipt.  Ms.

Taylor amended her complaint with the court's permission simply to make minor clerical

corrections.  (Doc. 7).

---

filing a formal complaint, filing a complaint with the EEOC, and receiving a final agency decision from the EEOC.
*See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012) (describing the administrative exhaustion process for federal employees).

The Defendants filed a motion to dismiss, or, in the alternative, for summary judgment, arguing that Ms. Taylor's Title VII and ADEA claims fail as untimely and that the court lacks subject matter jurisdiction over her other claims.  (Doc. 10; doc. 11).  The Treasury Department also argues that Ms. Taylor's complaint fails to state a claim for which relief can be granted.

This court issued an order to show cause directing Ms. Taylor to show, in writing, why her complaint should not be dismissed as untimely, as it was filed more than 90 days after her receipt of the FAD letter.  (Doc. 12).  The court instructed Ms. Taylor to file a response on or before September 30, 2019, explaining why her complaint should not be dismissed.

On October 1, 2019, without requesting an extension of time, Ms. Taylor filed an "Objection to Defendant's Motion for Dismissal" dated September 30, 2019, which the court liberally construes as a response to the order to show cause.  (Doc. 13); *see Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (stating that courts liberally construe *pro se* filings).  In that document, Ms. Taylor states that she erroneously used the date of issuance of the FAD, rather than the date of receipt, in her complaint.

Ms. Taylor specifically states in her response that "her mail was not delivered timely," that she had to "insist her mail agency look for anything she should have received," and that she did not obtain the FAD letter until someone found it "on the distribution floor" and gave it to her "in April 2019."  (*Id.* at 1).  However, she also states that she "affirms the service notice date as March 12, 2019," but argues that her complaint actually qualifies as timely and that "estoppel tolling" should apply because of the late delivery and because mail from Washington, D.C. takes longer than five days to reach Birmingham, Alabama.  (*Id.*).  She further argues that the EEOC's standard envelopes show that they use "stamped mail" rather than "metered mail," which "allows

for defective service when timeliness is crucial." (*Id.* at 2). Ms. Taylor also asserts that she has new information about discrimination against her.

Ms. Taylor subsequently filed a motion to amend her response, seeking only to correct clerical errors and add an exhibit. (Doc. 14). She then filed the proposed amended filing, which included information that the EEOC sent to her about deadlines for filings with the EEOC, not for filings with the federal courts. (Docs. 15–16). Ms. Taylor has also made multiple filings regarding her attempts to prove her substantive arguments of discrimination. (Docs. 17–18). Ms. Taylor also has filed a motion attempting to add new allegations to this case related to new adverse actions by the Treasury Department. (Doc. 19). Ms. Taylor alleges new retaliation that has not yet been subject to an EEOC complaint and seeks to consolidate those allegations into this case.

The Treasury Department filed a response to Ms. Taylor's filings, simply stating that it had not filed individual responses to all of Ms. Taylor's filings because of the pending motion to dismiss and show-cause order in this case. (Doc. 20). Ms. Taylor then filed a motion to strike the Treasury Department's response as untimely and improper. (Doc. 21).

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Even where a party does not assert a jurisdictional challenge, federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005). Simply put, a federal court cannot act beyond its constitutional or statutory grant of subject matter jurisdiction. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th

Cir. 2001).  Plaintiffs bear the burden of establishing the court's jurisdiction over the subject matter of their claims. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009*)* (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Courts can dismiss a complaint on statute of limitations grounds under Rule 12(b)(6) where the face of the complaint shows that the claim is time-barred.  *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013).

## III.    DISCUSSION

As an initial matter, because courts should freely give leave to amend where justice so requires, the court GRANTS Ms. Taylor's motion to amend her response to the order to show cause, (doc. 14), and considers the corrections that she sought to file.  Fed. R. Civ. P. 15(a)(2). Even so, the court finds that it must dismiss Ms. Taylor's complaint based on lack of subject matter jurisdiction and untimeliness.

### A.  Subject Matter Jurisdiction

As a federal employee, Ms. Taylor's potential avenues for relief for employment discrimination are legally circumscribed.  Ms. Taylor asserts multiple causes of action in her complaint—including claims citing Articles of the Constitution and regulatory provisions.  (Doc. 1).  However, sovereign immunity strips the court of subject matter jurisdiction over most of Ms. Taylor's claims, leaving only her Title VII and the ADEA claims properly before the court.

Unless the United States has consented to be sued, sovereign immunity acts as a shield and jurisdictional bar from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Courts strictly construe waivers of sovereign immunity and do not recognize implied exceptions. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). Therefore, in the absence of clear congressional intent to waive sovereign immunity, courts routinely find no jurisdiction to entertain suits against the United States and, accordingly, dismiss such actions. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity applies to the Treasury Department and the Inspector General for the United States Tax Administration because a judgment against them would come from the United States Treasury. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) (stating that sovereign immunity applies to protect an entity when a judgment against the entity would be paid by the United States Treasury).

The United States has waived sovereign immunity in certain limited situations. Title VII waives sovereign immunity for federal employees suing the government over employment discrimination or retaliation. 42 U.S.C. § 2000e–16(c). Likewise, the United States has waived sovereign immunity under the ADEA. 29 U.S.C. § 633a. Courts have recognized Title VII and the ADEA as the exclusive remedies for federal employees bringing discrimination suits like Ms. Taylor's. *See Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983) (Title VII and the ADEA provide the exclusive remedies for federal employees alleging employment discrimination based on sex and age).

In this case, the United States has not waived its sovereign immunity for any of Ms. Taylor's claims except for those brought under Title VII and the ADEA. Therefore, this court lacks subject matter jurisdiction over Ms. Taylor's other employment discrimination claims, including those asserting various violations of the Constitution, IRS Code Manuals, or other

provisions outside of Title VII or the ADEA.  Accordingly, the court dismisses Ms. Taylor's

claims not brought under Title VII or the ADEA as barred by sovereign immunity.

     *B.  Timeliness*

     The Defendants argue that Ms. Taylor's claims under Title VII and the ADEA must be

dismissed as untimely.  After a federal employee receives a FAD from the EEOC on her

administrative complaint, she has ninety days to file a civil action pursuant to Title VII or the

ADEA.  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 626(e).  Typically, the 90-day period for filing a

complaint starts to run from the plaintiff's actual receipt of the FAD letter.  *Kerr v. McDonald's

Corp.*, 427 F.3d 947, 952 (11th Cir. 2005).  Where a defendant argues that a complaint was not

timely filed, the plaintiff bears the burden of showing timely filing.  *Green v. Union Foundry

Company,* 281 F.3d 1229, 1233–34 (11th Cir. 2002).

     As a preliminary matter, the facts as alleged in Ms. Taylor's original complaint render her

complaint untimely filed.  Ms. Taylor's complaint states that she received the FAD letter on

March 12, 2019.  She filed her complaint on June 18, 2019—98 days later and outside of the 90-

day window to file.  *See Kerr*, 427 F.3d at 952; 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 626(e).

Thus, the face of Ms. Taylor's complaint shows that it should be dismissed as untimely.  *See

Gonsalvez*, 750 F.3d at 1197.

     But Ms. Taylor's response to the court's order to show cause muddies the waters of when

she actually received the FAD letter.  Nonetheless—even granting her the utmost liberal

construction and construing her response as amending her complaint—Ms. Taylor's allegations,

taken as true, fail to contain sufficient factual matter to state a facially plausible claim for relief.

*See Iqbal*, 556 U.S. at 678.  Simply stated, Ms. Taylor has not met her burden of showing that

she timely filed her complaint, even at the pleading stage in which all allegations are taken as true. *See Green,* 281 F.3d at 1233–34.

In her response to the court's order to show cause, Ms. Taylor asserted that she did not actually receive the FAD letter until an unspecified date in April because of problems with her mail and, she appears to argue, because the EEOC uses deficient means of mailing.  (Doc. 13).  However, even though receipt of the FAD letter on March 12, 2019 was unlikely because that was the day of issuance, Ms. Taylor also stated in her response that she "affirms the service notice date as March 12, 2019."  (*Id.* at 1).  In short, Ms. Taylor's allegations provide the court with multiple problematic dates of receipt—one of which the Defendants relied upon to move for dismissal—and fail to provide a specific date in April when she actually received the FAD letter.

The Eleventh Circuit applies "a presumption of three days for receipt by mail" when a dispute exists regarding the date of receipt in a case in which a plaintiff must file suit within 90 days of receipt of an EEOC FAD letter.  *Owens-Benniefield v. BSI Fin. Servs.*, No. 19-13962, 2020 WL 1527721, at *2 (11th Cir. Mar. 31, 2020) (citing *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1342 (11th Cir. 1999)).  The three-day presumption of receipt also applies when the plaintiff fails to allege a "specific date" of receipt.  *Headley v. United Parcel Serv.*, No. CV 2:19-1604-ACA, 2020 WL 1083193, at *2 (N.D. Ala. Mar. 5, 2020).  The Eleventh Circuit developed the three-day presumption of receipt because it requires plaintiffs to "assume some minimum responsibility" for "an orderly and expeditious resolution of his dispute"; further, the presumption arose out of concern about plaintiffs taking advantage of "a manipulable open-ended time extension" that could leave the filing deadline virtually "meaningless."  *Zillyette*, 179 F.3d at 1340 (quoting *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1242 (11th Cir. 1982).

In a rather unusual situation, Ms. Taylor's own allegations create uncertainty as to when she received the EEOC's FAD letter in this case. She originally provided March 12, 2019 as the date of receipt, later "affirmed" that as the notice date, but also said that she did not get the FAD until some time in April. In light of that irresolvable conflict, the court finds that the Eleventh Circuit's three-day presumption of receipt should apply. *See Owens-Benniefield*, No. 19-13962, 2020 WL 1527721, at *2. Even using the latest date provided by Ms. Taylor, her allegation of receiving the letter "in April" also supports the application of the three-day presumption of receipt because she did not allege a specific date of receipt. *See Headley*, No. CV 2:19-1604-ACA, 2020 WL 1083193, at *2. Additionally, the court feels compelled to note that Ms. Taylor's assertion of a new, non-specific date of receipt *after* the Treasury Department filed a motion to dismiss her complaint based on her own originally alleged date of receipt appears to fall squarely within the Eleventh Circuit's concern over plaintiffs manipulating the 90-day filing period to make it virtually meaningless. *See Zillyette*, 179 F.3d at 1340. Accordingly, because of the lack of a clearly alleged date of receipt, this court applies the applicable three-day presumption of receipt from the issuance of Ms. Taylor's FAD letter on March 12, 2019.

Considering the amended allegations in Ms. Taylor's response to the order to show cause and applying the three-day presumption of receipt, the court deems Ms. Taylor to have received the FAD letter on March 15, 2019. Thus, the 90-day filing period expired on June 13, 2019—a date slightly more generous than the June 10, 2019 deadline created by Ms. Taylor's original allegations in her complaint. Ms. Taylor did not file her complaint until June 18, 2019, so her complaint is untimely even considering her amended allegations.

Ms. Taylor argues that "estoppel tolling" should render her complaint timely. The court liberally construes this argument to be an invocation of equitable tolling. Courts apply equitable

9

tolling sparingly because it is an "extraordinary remedy." *Chang v. Carnival Corp*, 839 F.3d 993, 996 (11th Cir. 2016). To prove equitable tolling in a discrimination lawsuit, the party seeking tolling must prove that (1) she has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way and prevented her from timely filing. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*). The Eleventh Circuit has stated that "the interests of justice on which a tardy plaintiff relies do not support a plaintiff who has not filed her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." *Chang*, 839 F.3d at 996. The plaintiff has the burden to show that equitable tolling is warranted. *Id.*

In this case, Ms. Taylor has not shown that she should be entitled to equitable tolling. She argues that the court should consider her filing timely because her mail was not timely delivered, as it was "on the distribution floor" until April. (Doc. 13 at 1). She asserts that she had to "insist her mail agency look for anything she should have received." (*Id.*). The fact that Ms. Taylor allegedly insisted upon a search for the FAD letter and found out that it had been on the distribution floor demonstrates that Ms. Taylor was aware of the problems with the delivery of her letter. Further, as she included the information in her complaint, Ms. Taylor was aware that the EEOC had mailed the letter on March 12, 2019. This knowledge put Ms. Taylor in a position in which she reasonably could have known that the time period to file her complaint could be running. *See Chang*, 839 F.3d at 996. Given the concern that trouble receiving the letter should have engendered, diligence would have required that Ms. Taylor file a complaint as quickly as possible.

Further, even giving Ms. Taylor the utmost benefit of the doubt and assuming that she received the FAD letter on the very last day of April, she still would have had a month and a half

to timely file her complaint and avoid the limitations issue.  Instead, she "delayed filing and forced the issue unnecessarily."  *See Kerr*, 427 F.3d at 953 (stating that the complainants had "nearly two months during which they could have filed and avoided the entire limitations issue" after belatedly receiving notice).  Because she waited until near the end of what she assumed was the period for filing, the court finds that Ms. Taylor did not exercise the necessary due diligence to receive equitable tolling based on her alleged belated reception of the FAD letter.[2]  *See Villarreal*, 839 F.3d at 971.

Ms. Taylor also asserts in her response to this court's order to show cause that mail takes longer than five days to reach Birmingham, Alabama from Washington, D.C. and argues that the EEOC's mailing system of "stamped mail" allows defective service.  These arguments do not persuade the court of the applicability of equitable tolling.  The type of mail that the EEOC uses affects all employment complainants but does not seem to prevent other complainants from timely filing.  The same can be said of time that it generally takes for mail to be delivered from Washington, D.C.  The typical mailing circumstances facing all complainants simply do not rise to the level of an "extraordinary circumstance" justifying the "extraordinary remedy" of equitable tolling to salvage a late-filed complaint.  *See Villarreal*, 839 F.3d at 971; *Chang*, 839 F.3d at 996.

Because the three-day presumption of receipt applies in this case and because Ms. Taylor has not shown entitlement to equitable tolling, the court finds that Ms. Taylor's Title VII and ADEA claims must be dismissed as untimely.

---

[2] It is worth noting that Ms. Taylor recently had another employment complaint dismissed by a colleague on this court for failing to file her complaint within 90 days of receiving her FAD letter, which suggests a pattern of failing to diligently pursue her rights.  *Taylor v. Mnuchin*, No. 2:19-CV-00186-JHE, 2019 WL 5727443, at *3 (N.D. Ala. Nov. 5, 2019).

*C.  New Claims*

In one of her recent filings, Ms. Taylor seeks to add new claims that she has not yet presented to the EEOC in this case.  (Doc. 19).  Ms. Taylor cannot add new, unexhausted claims regarding new incidents of discrimination to this case.

Both federal statutes and EEOC regulations require a federal employee to exhaust administrative remedies before filing a civil complaint of discrimination in the workplace. *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006).  Although an exception to the exhaustion requirement arises where a new claim grows out of an exhausted claim that is properly before the court, a plaintiff cannot add new, unexhausted claims to an untimely claim because the untimely claim is not properly before the court.  *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761–62 (11th Cir.1995) (adopting the reasoning of the Fifth and Eighth Circuits stating that untimely discrimination claims do not confer ancillary jurisdiction over new, unexhausted claims).  Thus, because Ms. Taylor's Title VII and ADEA claims forming the basis of her complaint are due to be dismissed as untimely, they cannot render her new, unexhausted claims properly before this court.

## IV.    CONCLUSION

Based on the contents of Ms. Taylor's pleadings, her complaint cannot survive the Defendants' motion to dismiss.  Ms. Taylor failed to meet her burden of alleging that she timely filed her Title VII and ADEA complaints—which also precludes her attempt to file new claims—and the court lacks subject matter jurisdiction over her other claims.

The court notes that it liberally construed Ms. Taylor's *pro se* pleadings and held them to a "less stringent standard than those drafted by attorneys." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).  But the court does not have a "license to serve as de facto counsel

for a party" or the "ability to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).  In this case, the court would have to go beyond liberal construction and rewrite the complaint to find that Ms. Taylor provided sufficient factual allegations to support her claims, which it cannot do.

Accordingly, the court GRANTS the Defendant's motion to dismiss and DISMISSES WITH PREJUDICE Ms. Taylor's complaint.  Additionally, because the court finds that all of Ms. Taylor's claims are subject to dismissal, the court DENIES AS MOOT her outstanding motions.

**DONE** and **ORDERED** this 19th day of May, 2020.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE